1  Kane Moon (Cal. Bar No. 249834)
2  kane.moon@moonyanglaw.com
   Justin F. Marquez (Cal. Bar No. 262417)
3  justin.marquez@moonyanglaw.com
4  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
5  Los Angeles, California 90017
   Telephone:  (213) 232-3128
6  Facsimile:   (213) 232-3125
7  Attorneys for Plaintiff CLAIRE SAUNDERS

8
9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11 | CLAIRE SAUNDERS, individually, and | Case No. |
   | on behalf of all others similarly situated, | |
12 | | **COLLECTIVE AND CLASS** |
13 | Plaintiff, | **ACTION COMPLAINT:** |
14 | vs. | 1. Fair Labor Standards Act [29 U.S.C. § 201, *et seq.*]; |
15 | EMC RESTAURANT GROUP, LLC, a California Limited Liability Company; | 2. Failure to Pay Minimum and Straight Time Wages [Cal. Lab. Code §§ 1194, 1194.2, and 1197]; |
16 | and DOES 1 through 10, inclusive, | 3. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; |
17 | Defendants | 4. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; |
18 | | 5. Failure to Authorize and Permit Rest Periods [Cal. Lab. Code §§ 226.7]; |
19 | | 6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; |
20 | | |
21 | | 7. Failure to Provide Accurate, Itemized Wage Statements [Cal. Lab. Code § 226]; and |
22 | | 8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]. |
23 | | |
24 | | |
25 | | **DEMAND FOR JURY TRIAL** |

26
27
28

Plaintiff Claire Saunders ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

### INTRODUCTION & PRELIMINARY STATEMENT

1.    Plaintiff Claire Saunders brings this action against EMC Restaurant Group, LLC ("EMC"), and Does 1 through 10 (EMC and Does 1 through 10 are collectively referred to as "Defendants") for Fair Labor Standards Act ("FLSA") violations, California Labor Code violations, and unfair business practices stemming from Defendants' unlawful tip pooling policy, failure to pay for all hours worked (including minimum wages, straight time wages, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.    Plaintiff brings the First Cause of Action individually and as a collective action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "FLSA Class" or "FLSA Class Members", and defined more fully below).  The FLSA Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as a non-exempt, hourly-paid Server or similar position during the statute of limitations period applicable to the claims pleaded here.

3.    Plaintiff brings the Second through Eighth Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members", and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as a non-exempt, hourly-paid restaurant worker, except as a raw bar preparer, during the statute of limitations period applicable to the claims pleaded here.

4.      Defendants own/owned and operate/operated seafood restaurants within the State of California, including Los Angeles County.  Defendants are subject to the minimum wage and overtime requirements of the FLSA because Defendants have been an enterprise engaged in interstate commerce by, for example, processing credit card transactions for customer purchases and purchasing food that is delivered using the instrumentalities of interstate commerce.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the FLSA, the California Labor Code, the Wage Orders issued by the Industrial Welfare Commission ("IWC"), including IWC Wage Order 5-2001, and the California Business & Professions Code.

5.      Despite these requirements, throughout the statutory period, Defendants maintained a systematic, company-wide policy and practice of:

(a)      Requiring Servers to share their tips with Defendants' employees who do not customarily and regularly receive tips and who do not provide direct table service, such as the raw bar preparers.

(b)      Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(c)      Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(d)      Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor

3

Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(e) Failing to maintain accurate records of the hours employees worked;

(f) Willfully failing to pay employees all meal period, rest period, minimum wages, straight time wages, and overtime wages due within the time period specified by California law when employment terminates; and

(g) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. This Court has jurisdiction over Defendants' violations of the California Labor Code, and California Business and Professions Code because these claims derive from the same common nucleus of operative facts.

9. Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California. Defendants are also subject to

COLLECTIVE AND CLASS ACTION COMPLAINT

the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

## THE PARTIES

**A.    Plaintiff**

10.    Plaintiff Claire Saunders is a California resident that worked for Defendants in Los Angeles, California as a non-exempt, hourly-paid Server from approximately April 2015 to August 23, 2017.

11.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal.3d 864, 872 (1971), and other applicable law.

**B.    Defendants**

12.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant EMC Restaurant Group, LLC is, and at all times herein mentioned was:

(a)    A California limited liability company with its corporate headquarters and principal place of business in Los Angeles, California.

(b)    A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County; and,

(c)    The former employer of Plaintiff, and the current and/or former employer of the putative FLSA Class and Class.  EMC Restaurant Group, LLC suffered and permitted Plaintiff, the FLSA Class, and the Class to work, and/or controlled their wages, hours, or working conditions.

13.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by

such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

14.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

15.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.    Plaintiff Claire Saunders is a California resident that worked for Defendants in their "EMC Seafood & Raw Bar" Restaurant in Los Angeles, California as a non-exempt, hourly-paid Server from approximately April 2015 to

August 23, 2017.  Defendants paid Plaintiff a regular rate hourly wage of $9.00 per hour in 2015, $10.00 per hour from January 1, 2016 to June 30, 2016, $10.50 per hour from July 1, 2016 to June 30, 2017, and $12.00 per hour from July 1, 2017 to Plaintiff's final date of employment.  During Plaintiff's employment for Defendants, Defendants typically scheduled Plaintiff to work four to five days in a workweek and at least six hours per work day, but there were also times when Plaintiff worked over eight hours in a workday.

17.    Throughout Plaintiff's employment, Defendants committed numerous labor code violations under federal and state law.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

18.    During the statutory period, Defendants required Plaintiff and FLSA Class Members to share their tips with Defendants' employees who do not customarily and regularly receive tips and who do not provide direct table service.  As required by Defendants, Plaintiff and FLSA Class Members had to give a portion of their tips to raw bar preparers.

19.    During the statutory period, Defendants maintained a policy and practice of failing to pay Plaintiff and the Class for all hours worked.  Defendants regularly required Plaintiff and the Class to clock out of Defendants' time recording system during meal periods and after working eight hours and continue working.  Accordingly, Defendants frequently paid Plaintiff and the Class less than all their work time.  Some of this unpaid work also should have been paid at the overtime rate.  In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiff and the Class worked.

20.    During the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class with timely and duty-free meal periods.  Defendants regularly required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the

COLLECTIVE AND CLASS ACTION COMPLAINT

Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Moreover, as a condition of employment, Defendants required Plaintiff and the Class to sign documents waiving their right to a first meal period if they worked more than five hours but no more than six hours in a workday, making the meal period waivers involuntary and illegal. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

21.    During the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

22.    During the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all hours worked (including minimum, straight time, and overtime wages), for missed meal periods, and for missed rest periods.

23.    During the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, and correct wages earned for hours worked). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled;

(b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been;

(c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium wages owed to them;

(f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)     by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e).

## COLLECTIVE ACTION ALLEGATIONS

24.    Plaintiffs bring the First Cause of Action under the FLSA individually and as an "opt-in" collective action on behalf of the following group of similarly situated workers ("FLSA Class"):

> All persons that worked for any Defendant in California in a non-exempt, hourly-paid Server or similar position at any time during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

25.    At all relevant times, Plaintiff and members of the FLSA Class are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common uniform practices, policies, programs, procedures, protocols and plans of requiring Servers to participate in a tip pooling arrangement that violates 29 C.F.R. § 531.52.

26.    Plaintiffs, individually and on behalf of other similarly situated FLSA Class Members, bring the First Cause of Action seeking relief on a collective basis challenging Defendants' illegal tip pooling arrangement.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action by electronic mail.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under

Rule 23.

28.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

29.    The proposed Class consists of and is defined as:

> All persons that worked for any Defendant in California as a non-exempt, hourly-paid restaurant worker, except as a raw bar preparer, at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

30.    At all material times, Plaintiff was a member of the Class.

31.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

32.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and

typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)  The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4)  The difficulties likely to be encountered in the management of a class action.

(e)  Public Policy Considerations:  The public policy of the State of California is to resolve the Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references

and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

33.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a)    Failed to pay Class Members for all hours worked, including minimum wages, straight time wages, and overtime wages;

(b)    Failed to provide meal periods and pay meal period premium wages to Class Members;

(c)    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)    Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)    Failed to provide Class Members with accurate wages statements;

(f)    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed; and

(g)    Violated California Business & Professions Code § 17200 *et. seq*. as a result of their illegal conduct as described above.

34.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    A class action is superior to any other available method for the

fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

35. Plaintiff contemplates the eventual issuance of notice to the proposed

members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### (Against All Defendants for Violation of the FLSA)

36.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

37.    At all relevant times herein, Plaintiffs and all other similarly situated FLSA Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*  Defendants are subject to the minimum wage and overtime requirements of the FLSA because Defendants have been an enterprise engaged in interstate commerce during times relevant and its employees have been engaged in commerce during such times.  Defendants are "employers" within the FLSA's broad definition as they have suffered or permitted the Plaintiffs and FLSA Class Members to work.  29 U.S.C. §§ 203(d) & (g)

38.    Pursuant to 29 U.S.C. § 206 and § 207 the defendants are charged with an obligation to pay the minimum wage and overtime wages required by the FLSA to Plaintiff and the FLSA Class.

39.    Defendants have failed and refused to make the minimum wage and/or overtime payments required by the FLSA to Plaintiff and the FLSA Class or otherwise comply with the requirements of the FLSA in respect to their employment because, during the statutory period, they have violated 29 U.S.C. § 203(m) and 29 U.S.C. § 206 of the FLSA and the implementing regulations thereto

set forth in 29 CFR 531.52 and 29 CFR 531.54.   Defendants failed to allow Plaintiff and the FLSA Class to retain for themselves, or retain for themselves through a tip pool structured in compliance with the provisions of the FLSA and otherwise authorized by the FLSA, all of the tips they have received from customers during the course of their employment by the Defendants.

40.   Defendants have required Plaintiff and the FLSA Class, as a condition of their employment, to pool and share their tips with other employees who do not customarily and regularly receive tips, such tip pool and/or tip sharing not being authorized under the FLSA and its relevant implementing regulations and/or have required Plaintiff and the FLSA Class to give a portion of their tips to other employees of the defendants in a manner that violates the FLSA.

41.   Defendants, by implementing the policies alleged herein, have effectively failed to pay any wages whatsoever to Plaintiff and the FLSA Class, in that Defendants recoup from Plaintiff and the FLSA Class, through the taking of a portion of the Plaintiff's and the FLSA Class' tips, an amount far in excess of the amount it nominally pays to them.  Defendants' actions violate the purpose and intent of the FLSA which is to make all employers pay FLSA required minimum wages and overtime wages and all other wages solely from the resources of the employer and not by appropriating employee tips to make such wage payments, the FLSA also preventing an employer from engaging in such an appropriation by using a tip pool, such as the one used by Defendants, to compensate employees who do not regularly and customarily receive tips with a portion of the tips received by other employees who do regularly and customarily receive tips.

42.   Defendants' aforesaid violations of the FLSA were intentional, willful and knowing.  Such willful violations are established by, among other things, awareness of Defendants of the regulations issued by the United States Department of Labor that were implemented and effective as of May 5, 2011 and that govern the claims made herein.

43.     As a result of the foregoing, Plaintiff and the FLSA Class seek to collect their full damages for Defendants' aforesaid violations of the FLSA that have occurred on and after the statutory period, to wit, the value of the tips taken from them by the Defendants and given by the Defendants to other employees of the defendants who do not customarily and regularly receive tips, or given to other employees whom Plaintiff and the FLSA Class cannot be required to share their tips with under the FLSA, or whatever other measure of actual damages they are due from Defendants' aforesaid violations of the FLSA taking place on and after the statutory period, along with an equal amount of liquidated damages as provided for under 29 U.S.C. § 216(b), together with attorneys' fees, costs, interest and such other relief as the Court may deem proper.

## SECOND CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)**

44.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 23 in this Complaint.

45.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

46.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

47.     Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

48.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

49.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

50.    By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

51.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

52.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

53.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

///

///

///

## THIRD CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

54.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 23 in this Complaint.

55.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

56.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

57.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

58.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

59.    By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

60.    By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

61.    Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

62.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## FOURTH CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 23 in this Complaint.

64.    Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday.  Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

65.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or

impracticable to take these uninterrupted meal periods), Defendants willfully

violated the provisions of Section 226.7 of the California Labor Code and the

applicable Wage Orders.

66.    Under California law, Plaintiff and the Class are entitled to be paid one

hour of additional wages for each workday he or she was not provided with all

required meal period(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

67.    Plaintiff incorporates by reference and re-alleges as if fully stated

herein paragraphs 1 through 23 in this Complaint.

68.    Defendants are required by California law to authorize and permit

breaks of 10 uninterrupted minutes for each four hours of work or major fraction of

four hours (i.e. more than two hours).  Section 512 of the California Labor Code,

the applicable Wage Orders require that the employer permit and authorize all

employees to take paid rest periods of 10 minutes each for each 4-hour period

worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes,

the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as

so required is itself a violation of California's rest break laws.  It is a violation of

Section 226.7 of the California Labor Code for an employer to require any

employee to work during any rest period mandated under any Wage Order.

69.    Despite these legal requirements, Defendants failed to authorize

Plaintiff and the Class to take rest breaks, regardless of whether employees worked

more than 4 hours in a workday.  By their failure to permit and authorize Plaintiff

and the Class to take rest periods as alleged above (or due to the fact that

Defendants made it impossible or impracticable to take these uninterrupted rest

periods), Defendants willfully violated the provisions of Section 226.7 of the

California Labor Code and the applicable Wage Orders.

70.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s).

71.    Defendants regularly failed to pay Plaintiff and the Class the additional wages to which they were entitled for rest breaks Defendants failed authorize and permit.  As a result, Defendants are liable to Plaintiff and the Class for one hour of additional wages for each workday when they did not receive a rest break, plus interest thereon.

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 23 in this Complaint.

73.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74.    Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

COLLECTIVE AND CLASS ACTION COMPLAINT

75.     Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

76.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

77.     Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

78.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SEVENTH CAUSE OF ACTION

**(Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

79.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 23 in this Complaint.

80.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

82.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

83.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

84.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

85.    Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

86.    Plaintiff and the Class are also entitled to injunctive relief, as well as

COLLECTIVE AND CLASS ACTION COMPLAINT

an award of attorney's fees and costs to ensure compliance with this section,
pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

### (Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)

87.    Plaintiff incorporates by reference and re-alleges as if fully stated
herein paragraphs 1 through 23 in this Complaint.

88.    Defendants, and each of them, are "persons" as defined under
California Business & Professions Code § 17201.

89.    Defendants' conduct, as alleged herein, has been, and continues to be,
unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general
public.  Plaintiff seeks to enforce important rights affecting the public interest
within the meaning of Code of Civil Procedure § 1021.5.

90.    Defendants' activities, as alleged herein, are violations of California
law, and constitute unlawful business acts and practices in violation of California
Business & Professions Code §§ 17200, *et seq.*

91.    A violation of California Business & Professions Code §§ 17200, *et
seq.* may be predicated on the violation of any state or federal law.  All of the acts
described herein as violations of, among other things, the California Labor Code,
are unlawful and in violation of public policy; and in addition are immoral,
unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair,
unlawful and/or fraudulent business practices in violation of California Business &
Professions Code §§ 17200, *et seq.*

### Failure to Pay Minimum and Straight Time Wages

92.    Defendants' failure to pay minimum wages, straight time wages, and
other benefits in violation of the California Labor Code constitutes unlawful and/or
unfair activity prohibited by California Business & Professions Code §§ 17200, *et
seq.*

COLLECTIVE AND CLASS ACTION COMPLAINT

## Failure to Pay Overtime Wages

93.    Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198, California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

## Failure to Maintain Accurate Records of All Hours Worked

94.    Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

## Failure to Provide Meal Periods

95.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

## Failure to Maintain Accurate Records of Meal Periods

96.    Defendants' failure to maintain accurate records of employee meal periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

## Failure to Authorize and Permit Rest Periods

97.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

## Failure to Provide Accurate Itemized Wage Statements

98.    Defendants' failure to provide accurate itemized wage statements in

accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

99.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

100.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

101.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

102.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

103.    Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer

irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

104.   Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

105.   Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action with respect to the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.     That Plaintiff be appointed as the representative of the Class and subclass; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.     That this action be certified as a collective action.

5.     Plaintiff and all similarly situated workers demand judgment and request (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment

interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

As to the Second Cause of Action

6.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

7.     For general unpaid wages and such general and special damages as may be appropriate;

8.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

9.     For liquidated damages;

10.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

11.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

13.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

16.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

29
COLLECTIVE AND CLASS ACTION COMPLAINT

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

18.     For general unpaid wages and such general and special damages as may be appropriate;

19.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

20.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

21.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

22.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

23.     For general unpaid wages and such general and special damages as may be appropriate;

24.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

25.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

26.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

27.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

28.     For all actual, consequential and incidental losses and damages, according to proof;

COLLECTIVE AND CLASS ACTION COMPLAINT

29.    For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

30.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

31.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

32.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

33.    For all actual, consequential and incidental losses and damages, according to proof;

34.    For statutory penalties pursuant to California Labor Code § 226(e);

35.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

36.    For reasonable attorneys' fees and for costs of suit incurred herein; and

37.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

38.    That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to maintain accurate records of all hours worked, failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to furnish accurate wage statements;

39.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

40.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

41.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

42.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

43.    For such other and further relief as the Court may deem equitable and appropriate.

As to all Causes of Action

44.    For any additional relief that the Court deems just and proper.

Dated: December 18, 2017                    Respectfully submitted,

MOON & YANG, APC

By: /s/ Justin F. Marquez
Kane Moon
Justin F. Marquez
Attorneys for Plaintiff Claire Saunders

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: December 18, 2017                    MOON & YANG, APC

By: /s/ Justin F. Marquez
Kane Moon
Justin F. Marquez
Attorneys for Plaintiff Claire Saunders

COLLECTIVE AND CLASS ACTION COMPLAINT

1                **CONSENT OF PLAINTIFF CLAIRE SAUNDERS**

2   I, Claire Saunders, declare:

3       1.     I am a named plaintiff in this case.  I am over the age of 18.  I have

4 personal knowledge of the facts set forth in this declaration and could and would

5 competently testify to them under oath if called as a witness.

6       2.     I hereby consent to be joined in this suit against Defendant EMC

7 Restaurant Group, LLC, and Does 1 to 10, under the Fair Labor Standards Act, 29

8 U.S.C. §§ 206 *et seq.,* for unpaid wages and other relief available under the Act.

9      I declare under penalty of perjury under the laws of the State of California

10 and the United States that the foregoing is true and correct.

11      Executed on _12/15/2017_, at Los Angeles, California.

12

13                          _Claire Saunders_

14                          Claire Saunders

15

16

17

18

19

20

21

22

23

24

25

26

27

28